UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MONICA NAVARRO PIMENTEL, et. al., | CASE NO. C11-119 MJP |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR CLARIFICATION AND DENYING DEFENDANT'S MOTION FOR RECONSIDERATION |
| v. | |
| SUSAN DREYFUS, | |
| Defendant. | |

    This comes before the Court on Defendant's motion for reconsideration (Dkt. No. 41),

Plaintiff's motion to file supplemental pleading (Dkt. No. 47), and Plaintiff's motion to clarify

the preliminary injunction order (Dkt. No. 38).  Having reviewed the motions, the responses

(Dkt. Nos. 40, 45 and 50), the replies (Dkt. Nos. 44 and 46), and all related filings, the Court

DENIES Defendant's motion for reconsideration, GRANTS Plaintiff's motion to file

supplemental pleading, and CLARIFIES the preliminary injunction issued February 17, 2011.

\\

\\

**Background**

Plaintiff Monica Navarro Pimentel ("Pimentel") is suing Defendant Susan Dreyfus ("Defendant") in Dreyfus's official capacity as head of the Washington State Department of Social and Health Services ("DSHS"). Pimentel alleges DSHS's elimination of a state-funded, state-administered food assistance program, benefitting legal immigrants exclusively, violates Equal Protection and Due Process. On February 17, 2011, the Court issued a preliminary "PROHIBIT[TING] Defendant from <u>terminating</u> Plaintiff's or other Class members' state-funded food assistance under the Food Assistance Program for Legal Immigrants while this litigation is pending." (Dkt. No. 38.)

1. <u>Defendant's Motion for Reconsideration</u>

Defendant timely requests the Court reconsider its February 17, 2011 decision. Under Local Rule 7(h), "[m]otions for reconsideration are disfavored." LR 7(h). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." <u>Id.</u>; <u>see also</u> <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma</u>, 571 F.3d 873, 880 (9th Cir. 2009)(finding a motion for reconsideration warranted only when a district court is presented with newly discovered evidence, committed clear error, or when there is an intervening change in the controlling law). Defendant presents seven arguments for dissolving or modifying its preliminary injunction.

First, Defendant believes the enactment of Engrossed Substitute House Bill 1086 ("ESHB 1086") one day after the Court's February 17, 2011 order constitutes a new fact or legal authority warranting reconsideration. 2011 Wash. Sess. Law 86. (Def. Br. at 3.) The Court disagrees. ESHB 1086 provides a supplemental operating budget for the remainder of fiscal year 2011 (i.e.,

1   June 30, 2011) and mandates FAP benefits "be fifty percent of the federal supplemental nutrition

2   assistance program benefit amount."   2011 Wash. Sess. Law  78.  However, as Defendant

3   concedes, ESHB 1086 does not prevent the Washington legislature from "impos[ing] new budget

4   or legal limitations on Defendant's administration of FAP (including elimination)" after the

5   fiscal year ends.  (Def. Reply Br. at 2.)  "Voluntary cessation" of the challenged action does not

6   moot the case.  See Friends of the Earth, Inc. v. Laidlaw Enviromental Svcs, Inc., 528 U.S. 167

7   (2000).  Whether or not the legislature decides to continue FAP, fund FAP in whole, or fund

8   FAP in part, it is clear the Court's preliminary injunction remains necessary to ensure FAP is not

9   eliminated in a manner that violates Equal Protection or Due Process.

10          Second, Defendant requests the Court reconsider its decision because DSHS's

11   administration of FAP merely reflects uniform federal law.  (Def. Br. at 4).  The Court finds

12   Defendant's argument repeats those already presented to the Court.  A motion for

13   reconsideration should not be used to ask the court "to rethink what the court ha[s] already

14   thought through." In re America West Airlines, Inc., 240 B.R. 34, 38 (Bankr. D.Ariz.1999); see

15   also Union Pac. R.R. Co. v. Coast Packing Co., 236 F.Supp.2d 1130, 1137 (C.D. Cal.

16   2002)(holding that a motion for reconsideration may not repeat "any oral or written argument").

17   Because the Court carefully considered Graham v. Richardson, 403 U.S. 365 (1971), Soskin v.

18   Reinertson, 353 F.3d 1242 (10th Cir. 2004), and Cid v. South Dakota Dep't of Social Serv's, 598

19   N.W.2d 887 (S.D. 1999), when issuing the preliminary injunction, the Court will not revisit its

20   decision absent a showing of clear error.

21          Third, Defendant believes reconsideration is appropriate because DSHS's actions meet

22   strict scrutiny.  (Def. Br. at 4.)  Defendant offers no new fact or legal authority as to why this

23   argument was not presented during prior briefing and the Court declines to reconsider its

24
     ORDER GRANTING PLAINTIFF'S MOTION FOR
     CLARIFICATION AND DENYING
     DEFENDANT'S MOTION FOR
     RECONSIDERATION- 3

1   decision based on an issue presented for the first time on a motion for reconsideration.

2   Regardless, even if the Court were to consider it, Defendant's strict scrutiny argument appears

3   misplaced.  Defendant contends the FAP classification is narrowly tailored to meet a compelling

4   state interest.  (Def. Br. at 5.)  But, as the Court has previously observed, Plaintiff's concern is

5   not the FAP classification, but DSHS's elimination of FAP or reduction in FAP benefits.  In

6   order to meet strict scrutiny, DSHS must identify how the attempt to eliminate FAP is narrowly

7   tailored to meet a compelling state interest.

8          Fourth, Defendant requests the Court eliminate its notice requirement regarding federal

9   SNAP benefits.  (Def. Br. at 5.) As with its second argument, Defendant repeats issues already

10  presented to the Court.  (Compare Dkt. No. 24, ¶¶ 19 and 22 with Dkt. No. 42 ¶ 10.)  The

11  preliminary injunction requires DSHS to explain how it prorated any ineligible household

12  member's income or allowable expenses and set forth the income, deduction and expense figures

13  so that Due Process Subclass members can verify their SNAP benefits were correctly calculated.

14  The Court's preliminary injunction does not go beyond the requirements of due process.  DSHS

15  is not required to send notices to households receiving SNAP benefits only.   DSHS is only

16  required to send notices to households affected by changes in FAP benefits.  An explanation of a

17  household's SNAP benefits is necessary because, for many recipients, SNAP and FAP

18  effectively operated as a single program.

19         Fifth, Defendant requests the Court eliminate the requirement that DSHS notify recipients

20  of all the rules relied upon in calculating the Due Process Subclass members' food assistance.

21  Defendant argues this is impractical and burdensome because "over one hundred rules can apply

22  to a household's composition, an individual's eligibility for benefits, and the determination of a

23  household's eligibility and benefit level" and "composing detailed and personalized letters . . .

24

ORDER GRANTING PLAINTIFF'S MOTION FOR
CLARIFICATION AND DENYING
DEFENDANT'S MOTION FOR
RECONSIDERATION- 4

1  could require attorney review and take thousands of hours of staff time." (Camp Decl., Dkt. No.

2  42 ¶ 11.)  The Court is unpersuaded.  In Pimentel's case, DSHS attempted to eliminate the

3  Pimentel household's food benefits by half.  This is a significant reduction affecting Pimentel

4  and her three children.  While DSHS need not list every single rule it uses in administering food

5  benefits, a complete and understandable explanation of which rules DSHS relied on for

6  calculating the individual's benefits is necessary.

7       Sixth, Defendant believes notice is not required because changes in FAP benefits will be

8  authorized legislatively as opposed through rule-making under ESHB 1086.  (Def. Br. at 6.)  As

9  discussed above, the Court's preliminary injunction prevents the implementation of ESHB 1086.

10 Notice is still required for termination or reduction to FAP benefits.

11      Finally, Defendant requests the Court reconsider the overall equities given that ESHB

12 1086 provides funding for FAP at fifty percent.  (Def. Br. at 7.)  The Court finds the change in

13 equities insufficient to trigger reconsideration of the preliminary injunction. While ESHB 1086

14 may change the "balance of equities," it does not influence the Court's finding of a likelihood of

15 success on the merits.  To the extent Defendant seeks to administer FAP at fifty percent while

16 continuing to fully-fund food assistance to citizens, Defendant fails to articulate how this action

17 differs from eliminating FAP when considering Equal Protection.  As was the case when DSHS

18 sought to eliminate FAP while continuing to administer food assistance to citizens, DSHS would

19 be treating two similarly-situated classes of people differently based on their alienage.

20 Therefore, the Court declines to dissolve or modify the scope of the preliminary injunction.

21      2.  Plaintiff's Motion for Clarification

22      Pimentel filed a motion to clarify the preliminary injunction so as to enjoin Defendant

23 from both terminating and denying any Class members' application for FAP benefits because of

24

ORDER GRANTING PLAINTIFF'S MOTION FOR
CLARIFICATION AND DENYING
DEFENDANT'S MOTION FOR
RECONSIDERATION- 5

1   lack of funding.  (Dkt. No. 38.)  In her reply brief, Pimentel also asks the Court to "bar

2   Defendant from making any changes to its FAP regulations which tighten the eligibility

3   requirements of the program or result in across-the-board benefit reductions without first seeking

4   leave of the Court."  (Dkt. No. 44 at 4.)  Defendant does not object to including Class members

5   who may be denied FAP benefits in the future and proposes an amended preliminary injunction

6   that would likewise recognize Defendant's uncontested ability to terminate, reduce, or deny FAP

7   benefits in accordance with pre-existing FAP rules.  The Court CLARIFIES the preliminary

8   injunction as provided in this Order's conclusion.

9       3.   <u>Plaintiff's Motion to File Supplemental Pleadings</u>

10          Plaintiff seeks permission to file a supplemental pleading pursuant to Rule 15(d) of the

11   Federal Rules of Civil Procedure in order to challenge Defendant's recent decision to reduce

12   FAP instead of eliminate it.  (Dkt. No. 47.)  Without waiving any applicable defenses, Defendant

13   does not object.  (Dkt. No. 50.)  The Court GRANTS Plaintiff's request to file supplemental

14   pleading, as attached in Exhibit D to Provenzano's Declaration. (<u>See</u> Dkt. No. 48, Ex. D.)

15                                  **Conclusion**

16          The Court GRANTS Plaintiff's request to file supplemental pleading, as attached in

17   Exhibit D to Provenzano's Declaration. (<u>See</u> Dkt. No. 48, Ex. D.)  The Court GRANTS

18   Plaintiff's motion for clarification and DENIES  Defendant's motion for reconsideration.  The

19   Court MODIFIES the preliminary injunction to read:

20          "The Court PROHIBITS Defendant from terminating Plaintiff's or other Class members'

21   state-funded food assistance <u>or denying Class members' application for benefits</u> under the Food

22   Assistance Program for Legal Immigrants while this litigation is pending, <u>if the termination,</u>

23   <u>reduction, or denial would be premised on the adoption of any of the regulations that ended</u>

24

ORDER GRANTING PLAINTIFF'S MOTION FOR
CLARIFICATION AND DENYING
DEFENDANT'S MOTION FOR
RECONSIDERATION- 6

1   funding of FAP benefits effective February 1, 2011.  The Court ORDERS DSHS to administer

2   the FAP program in accordance with DSHS's previous FAP regulations.  This preliminary

3   injunction shall not interfere with certification periods established under Wash. Admin. Code

4   388-416-0005 nor shall it interfere with DSHS's ability to terminate, reduce, or deny FAP

5   benefits to those not eligible to receive FAP benefits under previous FAP regulations.

6        The Court also ORDERS Defendant not to terminate or reduce Plaintiff's and other Due

7   Process Subclass members' state-food assistance until they have been served adequate notice in

8   accordance with Due Process.  The notices must do the following:

9        1.   Adequately advise Due Process Subclass members as to which members of their

10            household are considered ineligible due to their alien status, why these ineligible

11            household members do not meet the citizenship or immigration status requirements of

12            WAC 388-424-0020 and WAC 388-400-0040, and what information DSHS relied upon

13            in reaching this determination.

14       2.   Explain how DSHS prorated any ineligible household member's income or allowable

15            expenses under WAC 388-450-0140 and set forth the income, deducation, and expense

16            figures, including rent, used by DSHS so that Due Process Subclass members can review

17            and determine whether their SNAP benefits were correctly calculated;

18       3.   Set forth all the rules that DSHS relied upon in calculating the Due Process Subclass

19            members' food assistance.

20           The Court ORDERS Defendant make a reasonable effort to notify Class and Due Process

21   Subclass members of the entry of this ORDER and the impact it will have on their food benefits

22   through a news release, timely posting of information on their website, and distributing similar

23

24   ORDER GRANTING PLAINTIFF'S MOTION FOR
     CLARIFICATION AND DENYING
     DEFENDANT'S MOTION FOR
     RECONSIDERATION- 7

1   information through food program outreach contractors and food assistance partners.  Defendant

2   must keep Plaintiff's counsel reasonably apprised of all its efforts to comply with this Order."

3   (amended language underlined).

4           The clerk is ordered to provide copies of this order to all counsel.

5           Dated this 22nd day of March, 2011.

6

7

8           _____
            Marsha J. Pechman
9           United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
    ORDER GRANTING PLAINTIFF'S MOTION FOR
    CLARIFICATION AND DENYING
    DEFENDANT'S MOTION FOR
    RECONSIDERATION- 8